Statement.
NICHOLLS, J.
The plaintiff averred: That it purchased from the Detroit Timber & Lumber Company certain property which it described in its petition, which land was well worth $1,000. That said purchase was made on the 12th of April, 1900, and acknowledged and recorded in Winn parish of January 13, 1900.
“That on September 1G, 1899, M. D. L. Huddleston and J. E. Huddleston instituted a suit in the district court for Winn parish against their authors, the Detroit Timber & Lumber Company, in which they claimed to be the owners of this land and sued Detroit Timber & Lumber Company for slander of title. That the defendant in that suit, after filing pleas of prescription and estoppel, answered, setting forth the muniments of its title to said land, viz., state of Louisiana to C. E. Whitley, executed 12th day of July, 1889, and recorded same day in Book B, Conveyance Records of Winn Parish, pages 338 and 339. That C. E. Whitley sold said land to W. P. Theus. That said deed was duly recorded in Book C, Conveyance Records Winn Parish, page 98. That defendant in that suit acquired said land at sheriff’s sale on 11th day of March, 1899, and duly recorded in Book E, Conveyance Records of Winn Parish, March 14, 1899, on pages GIG, G17. That said cause was tried in the district court and judgment rendered in favor of defendant. Plaintiffs therein and defendants herein appealed to the honorable Court of Appeal, First Circuit, of Louisiana, and on the trial of said appeal the court decided that defendants therein, Detroit Timber & Lumber Company, were owners of said land, and its title legal, but, owing to the defendant, has not asked any amendment of the judgment, and we are therefore powerless to render a judgment in its favor recognizing its title, all of which will be fully shown by reference to the pleadings, evidence, judgment in district court, opinion, and decree of the Court of Appeal, No. 1,256, D. C., and No. 321, A. C., all of which are hereby referred to and made a part of this petition, and specially plead the same as estoppel and as res judicata against defendants as to the question raised therein, passed on by said appeal court. Plaintiffs show that said Huddlestons claim to have possession of said land, and, notwithstanding said opinion and decree, refuse to allow petitioner to take possession of said land. They show that they are trespassers and are responsible to petitioners in damages for forcing it to bring this suit and employ counsel.
“They show that it will have to pay its attorneys, Richardson & Richardson, the sum of $125 to bring and prosecute this suit, and it. is further damaged in the sum of $250 as punitive damages for their illegal and wanton, disregard of plaintiffs’ rights of ownership.”
In view of the premises, “petitioner prays, that said defendants M. D. L. Huddleston and. J. F. Huddleston have due and legal service-hereof, and he cited to appear and answer-hereto, and that, on a final hearing being-had, it have judgment against defendants^ recognizing its title to said land, and that it. he placed in possession of same, and that it. also have judgment in solido against defendants for the sum of $125, attorney’s fees, and. the further sum of $250, damages for the illegal and wanton disregard of petitioner’s, right of propertyalso for ail orders necessary, for costs, and general relief. •
Defendants excepted that plaintiff’s petition was addressed to the Fourth judicial district court, and that they did not reside-therein. They prayed that the suit he dismissed. The exception was overruled, and. they answered. After pleading the general issue, they admitted that they were in possession of the land sued for. They averred;. That their possession was legal, and based, upon ownership in them, first, by inheritance-from their father, J. D. Huddleston, then deceased, and by purchase from the original owners.
“That about 18— their father purchased same-from one J. P. Reidheimer, and Reidheimer purchased same from one N. J. Walker, who - was the original entryman. That they went into-possession with their father, who was then living, and that the said Reidheimer turned over to them his deeds from the said Walker, and attempted and intended to make their father a deed to the whole tract, but, in making said deed, said Reidheimer made grave errors in the deed. These errors were discovered later about 1883, and the said Reidheimer then made to-their father another deed, intending to correct these errors, but still he made grave errors, which your defendants believe to be the fault of the person who wrote the deed, and in these deeds vacant lands were included and a portion of the land which should have been deeded, and *445 which was intended to be deeded by all parties, was omitted, and later this error was discovered, after their father’s death, and also after the death of the said Beidheimer, and then the heirs of the said Beidheimer then passed an act of confirmation of their original purchase and conveying the land as it originally should have been conveyed.
“They show that they went into the possession of this land about 1876, and from that date till this they have been in possession of this land as owners, free and clear from any disturbance, cultivating a portion of said land each year, until they were disturbed by plaintiffs’ suit. In view of the premises, they prayed that plaintiffs take nothing by this action and that defendants be quieted in their possession and ownership of said property. They pray for every order necessary and for general and equitable relief.”
Defendants subsequently, after reiterating the allegations of their answer, amended the same by averring that the property in contest from the years 1880 to 1886 was assessed to, and the taxes had been paid by, J. P. Beidheimer, the original owner, except possibly in the years 1883, 1884, and 1885, when it was either assessed to J. P. Beidheimer or to J. D. Huddleston, and that the records showing said assessment had been destroyed by fire by the burning of the courthouse in Winn parish.
The district court rendered judgment in favor of the plaintiff, the Bodeaw Lumber Company, and against the defendants, M. D. L. and J. F. Huddleston, recognizing plaintiff’s title to the land sued for, and ordering, adjudging, and decreeing that it be placed in possession of the same, and that defendants pay all costs.
Opinion.
Defendants have appealed. The matters in dispute herein do not bring this case within the appellate jurisdiction of this court. The questions at issue are not before us for adjudication. The appeal is therefore hereby dismissed, unless the appellants take proper steps to have the cause transferred to the Court of Appeal, by complying with the provisions of Act No. 56, p. 135, of 1904, In the event they do so, this cause is ordered* to be transferred to the Court of Appeal.